HANS J. LILJEBERG, Judge.
| ^Defendant appeals the trial court’s judgment awarding $9,105.71 to plaintiff for sick leave benefits, pursuant to La. R.S. 17:1206.1(A)(1). For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

Plaintiff, Marie Jackson, was employed by defendant, St. John the Baptist Parish School Board (“School Board”), for approximately 37 years. On July 19, 2011, Ms. Jackson was working as a bookkeeper at Garyville/Mount Airy Math and Science Magnet School, when she was struck by a student on the school campus.[1] Ms. Jackson asserts that the student punched her *756 in her right eye and her left breast, and that she suffered injuries as a result. She reported the incident to the principal, the superintendent of schools, and the St. John the Baptist Parish Sheriffs Office.
After the incident, Ms. Jackson continued to perform her duties at the school. However, when the regular school session resumed, she was frustrated because the student who punched her was still at the school and she did not believe Rthat any efforts had been made to remove him ¡from the school. Ms. Jackson testified that she had to go to the school nurse every morning to check her blood pressure and her blood sugar, because “just knowing that the child was on the campus” would elevate her blood sugar, blood pressure, and stress level.
Ms. Jackson testified that she went to see her family physician, Dr. Arcuri, for the problems she was experiencing. Dr. Arcuri diagnosed her with an anxiety disorder and advised her not to return to work. Ms. Jackson did not return to the school after October 13, 2011, and she used her accrued sick leave until she retired on January 25, 2012.
On November 15, 2011, Dr. Arcuri wrote a letter indicating that Ms. Jackson was suffering from an anxiety disorder after being physically assaulted by a student. He stated that the continued presence of this student at the school was intimidating Ms. Jackson and causing her diabetes to become more difficult to control. Dr. Ar-curi stated that due to the effects of Ms. Jackson’s increased stress levels on her diabetes, it was his medical opinion that Ms. Jackson should not return to work at this school “for the foreseeable future.”
Ms. Jackson’s counsel wrote two letters, dated November 18, 2011 and December 7, 2011, to the School Board, through its superintendent. In these letters, Ms. Jackson’s counsel provided a copy of Dr. Areuri’s November 15, 2011 letter and demanded that the School Board begin to immediately pay Ms. Jackson all of the benefits to which she was entitled, pursuant to La. R.S. 17:1206.1(A), including: 1) payment of sick leave, without reduction in pay and without reduction in accrued sick leave days; and 2) restoration of all of the sick leave days that Ms. Jackson had been charged since the date of the incident, July 19, 2011. Neither the School Board nor its superintendent responded to the demand letters from Ms. Jackson’s counsel.
|40n December 19, 2011, Ms. Jackson filed a “Petition for Benefits Pursuant to LSA-R.S. 17:1206.1(A)(1)” against the School Board. Trial of this matter was held on August 25, 2014. At trial, the parties submitted a joint stipulation of facts, the deposition of Dr. Arcuri, Ms. Jackson’s testimony, and various other exhibits. They also stipulated that “should the Court determine that Ms. Jackson is entitled to recovery in this matter, that she would be entitled to recover 430.53 hours ... of leave which amounts to $9,105.71.”
On January 6, 2015, the trial court rendered a judgment in favor of Ms. Jackson, finding that she was entitled to benefits pursuant to La. R.S. 17:1206.1 and awarding her $9,105.71, plus interest and costs. The School Board appeals.

LAW AND DISCUSSION

On appeal, the School Board asserts that the trial court committed legal error by awarding sick leave benefits to Ms. Jackson based solely upon the diagnosis of a medical doctor who is neither a psychiatrist nor a psychologist. It argues that in order to award benefits pursuant to the provisions of La. R.S. 17:1206.1(A)(1), the trial court was required to follow La. R.S. 23:1021(8) which provides that a mental injury must be established by clear and convincing evidence and must be diag *757 nosed by a licensed psychiatrist or psychologist.
Ms. Jackson responds that her claim for sick leave benefits pursuant to La. R.S. 17:1206.1(A)(1) is a right or remedy that is independent of the provisions of the Louisiana Worker’s Compensation Act set forth in Title 23. She further asserts that she presented sufficient evidence to establish her claim for sick leave benefits pursuant to the terms of La. R.S. 17:1206.1(A)(1).
At the time of the incident in this case, La. R.S. 17:1206.1(A)(1) provided, in pertinent part:
Any employee of the parish or city school boards of this state, Ras the word “employee” is defined in R.S. 17:1205, who is injured or disabled while acting in his official capacity as a result of assault or battery by any student or person, shall receive sick leave without reduction in pay and without reduction in accrued sick leave days while injured or disabled as a result of such assault or battery; however, when such employee is absent for six or more consecutive days as a resúlt of such injury or disability, he shall be required to present a certificate from a physician certifying such injury or disability.[2]
In the present case, Ms. Jackson, through her counsel, provided the School Board with a letter from her physician certifying that she was under his care for an anxiety disorder caused by job-related stress after being assaulted by a student. The letter further indicated that this stress caused her diabetes to become more difficult to control, and that it was his medical opinion that she should not return to this work environment for the foreseeable future.
Although La. R.S. 23:1021(8) of the Worker’s Compensation Act provides that a mental injury must be shown by clear and convincing evidence and must be diagnosed by a licensed psychiatrist or psychologist, Ms. Jackson has not asserted a claim for worker’s compensation benefits. Rather, she has set forth a claim for sick leave benefits under La. R.S. 17:1206.1(A)(1), which only requires a physician to certify an injury or disability.
In support of its position, the School Board cites Whetstone v. Jefferson Parish School Board, 12-639 (La.App. 5 Cir. 5/30/13), 117 So.3d 566, in which this Court considered a claim of a mental injury and applied the provisions of La. R.S. 23:1201(8), requiring clear and convincing evidence as well as a diagnosis by a licensed psychiatrist or psychologist. However, the Whetstone case is clearly distinguishable. Ms. Whetstone was a teacher who received assault pay pursuant | f;to La. R.S. 17:1201 for several years after being physically assaulted by a student. After her assault pay was terminated, she filed a claim against the school board for worker’s compensation benefits. In the present case, as previously noted, Ms. Jackson has not made a claim for worker’s compensation benefits.
La. R.S. 23:1032(A)(l)(a) provides an exception to the exclusive remedy provisions of the Louisiana Worker’s Compensation Act where a separate statute expressly establishes rights and remedies that are available to an employee. La. R.S. 17:1206.1 is a statute expressly creating a separate right or remedy to an employee of the school board who is injured or dis *758 abled as a result of an assault or battery at work.
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the legislature’s intent. La. C.C. art. 9; City of New Orleans v. La. Assessors’ Ret. & Relief Fund, 05-2548, p. 20 (La.10/1/07), 986 So.2d 1, 17; Landry v. La. Citizens Prop. Ins. Co., 07-1907, p. 20 (La.5/21/08), 983 So.2d 66, 79. The language of La. R.S. 17:1206.1 clearly and unambiguously provides that a school board employee who is absent six or more consecutive days as a result of an assault or battery while working in her official capacity is only required to present a certificate from a physician to establish such an injury or disability. This statute does not require a diagnosis by a licensed psychiatrist or psychologist.
Accordingly, we find no error in the trial court’s determination that Ms. Jackson was not required to have a diagnosis by a licensed psychiatrist or psychologist, and that Dr. Arcuri’s diagnosis was sufficient to establish her claim for sick leave benefits pursuant to La. R.S. 17:1206.1. This assignment of error is without merit.
|7In its second assignment of error, the School Board asserts that the trial court erred in finding that Ms. Jackson is entitled to benefits pursuant to La. R.S. 17:1206.1, because her injuries predated the battery in this case by many years. It contends that Ms. Jackson’s claimed injury is “uncontrolled diabetes,” which is unrelated to the battery.
In his letter dated November 15, 2011, Dr. Arcuri stated that he was treating Ms. Jackson “for an anxiety disorder caused by job related stress.” He further indicated that the presence at the school of the student who assaulted her has intimidated her and has caused her diabetes to become more difficult to control. Dr. Arcuri also indicated that it was his medical opinion that she not return to that work environment because of the increased stress level and its effect on her diabetes. The School Board did not present any evidence to the contrary.
In order to qualify for the sick leave benefits set forth in La. R.S. 17:1206.1, a physician must certify that the school board employee is suffering from an injury or disability resulting from an assault or battery sustained while the employee was working in her official capacity. This requirement has been satisfied in this case. No evidence was presented by the School Board to controvert Dr. Arcuri’s diagnosis and certification of Ms. Jackson’s injury or disability caused by the battery in this case. Accordingly, we find no error in the trial court’s ruling, and this assignment of error is without merit.
Ms. Jackson filed an answer to this appeal seeking damages, including attorney’s fees, on the grounds that the School Board’s appeal is frivolous. Upon review, we do not find that the School Board’s appeal is frivolous, and accordingly decline to award damages to Ms. Jackson for a frivolous appeal.

J¿DECREE

For the foregoing reasons, we affirm the trial court’s judgment dated January 6, 2015. We decline to award damages to Ms. Jackson for a frivolous appeal. However, all costs of this appeal are assessed to the School Board.

AFFIRMED

. According to Ms. Jackson, the student was on the school campus for a summer feeding program. Ms. Jackson testified that the altercation occurred after she told some of the students that they needed to stay in the cafeteria for the feeding program and could not go into the classrooms.

. La. R.S. 17:1205 defines an “employee” as: any person in the employ of any parish or city school board of the state of Louisiana who is not a teacher or whose employment does not require the holding of a teacher's certificate or who is not employed as a bus driver.